IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA PADILLA and JESSICA ZAMUDIO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUBY FOODS, INC., STANDARD FOODS, INC., MOONSTONE FOODS ENTERPRISES, LLC, SIRAJUDDEN VIRANI, and FAISAL MERCHANT,<br><br>Defendants. | CASE NO. 1:16-cv-4936<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Young Kim |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Christina Padilla and Jessica Zamudio ("Plaintiffs") and Defendants Ruby Foods, Inc., Standard Foods, Inc., Moonstone Foods Enterprises, LLC, Sirajudden Virani, and Faisal Merchant ("Defendants") have reached a proposed Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement Agreement") resolving all claims in this lawsuit. Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties and the settlement class members.

2. The capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

3. Pursuant to the Court's May 25, 2017 Order, the Court defines the Settlement Class as follows:

> All individuals who worked for Crystal Foods, Inc, Gold Coast Foods, Inc., Moonstone Foods Enterprises, LLC, Central Foods, Inc., Platinum Foods, Inc., Pearl Foods Enterprises, LLC, Canal Foods, Inc., Shining Star Foods Inc., Union Foods, Inc., Marble Foods Enterprises, LLC, Polk Foods, LLC, Sapphire Foods, LLC, Emerald Foods, LLC, Gem Foods, LLC, Ruby Foods Inc., River Foods Enterprises, LLC, Standard Foods, Inc., or Topaz Foods, LLC between January 1, 2011 and May 4, 2016, and are identified in the Exhibit A to the parties' settlement agreement.

4. The Court has determined the terms of the Settlement to be a fair, reasonable, and adequate resolution of this matter and hereby approves the Settlement as set forth in the Settlement Agreement.

5. The Court directs the Settlement Administrator to issue settlement checks to all Settlement Class Members who did not timely opt out of the Settlement, according to the terms of the Settlement Agreement. The settlement amounts awarded to each Class Member are listed in Exhibit A of the parties' Settlement Agreement. These payments shall occur no later than ten days after the Settlement Effective Date.

6. The Court directs the payment to Class Counsel in the total sum of $55,000.00. The Court finds that this award of Class Counsel Fees and Expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported Settlement Class at the outset of the litigation. This payment shall occur no later than ten days after the Settlement Effective Date.

7. The Court directs payments to Plaintiffs Christina Padilla and Jessica Zamudio in an amount of $1,000.00 per person. These payments shall occur no later than ten days after the Settlement Effective Date and shall be over and above the amounts that Plaintiffs are entitled to recover by virtue of their status as Settlement Class Members.

8. The Court finds that Dahl Administration, LLC ("Settlement Administrator") has met the requirements that the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

9. The Court directs Defendants to pay Dahl Administration for the reasonable costs of settlement administration. Defendants shall make this payment no later than ten business days after the Settlement Effective Date.

10. The Court hereby dismisses this case against all Defendants with prejudice as to the Class Members who cash their settlement checks within the allotted 120 days. All Class Members who cash their settlement checks within the allotted 120 days release and forever discharge Defendants and the other Released Parties from claims outlined and described in Section IV(4)(A) of the Settlement Agreement. All Named Plaintiffs release and forever discharge Defendants and the other Released Parties from claims outlined and described in Section IV(4)(B) of the Settlement Agreement.

11. The Court hereby dismisses this case against all Defendants without prejudice as to the Class Members who do not cash their settlement checks within the allotted 120 days.

ENTERED:

Date: August 17, 2017

Judge Joan B. Gottschall